UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT MOORE,<br><br>          Plaintiff,<br><br>    v.<br><br>DITECH FINANCIAL LLC and BANK OF NEW YORK MELLON,<br><br>          Defendants. | Case No. 2:16-cv-01602-APG-PAL<br><br>**ORDER (1) GRANTING MOTION FOR RELIEF FROM JUDGMENT, (2) DENYING MOTION TO STRIKE, AND (3) GRANTING MOTION FOR RELIEF**<br><br>(ECF Nos. 15, 18, 21) |

I previously dismissed this case after plaintiff Robert Moore failed to oppose the defendants' motion to dismiss. ECF No. 11. Moore now moves for relief from the judgment, asserting that he failed to timely respond due to excusable neglect. The defendants oppose the motion.

Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect." Moore argues excusable neglect, stating that his mother retrieved his mail and placed the defendant's motion to dismiss on his wife's desk, where it sat unnoticed until he received the defendants' notice of non-opposition on September 6, 2016. ECF No. 15 at 3. Moore contends he called the defendants' counsel the next day to request an extension but the defendants would not agree. *Id.* Moore then filed his motion for relief, along with a proposed opposition, on October 4, 2016. *Id.*[1]

As to excusable neglect, I consider "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192

---

[1] Moore also filed a notice of appeal. ECF No. 13. The United States Court of Appeals for the Ninth Circuit is holding that appeal in abeyance pending my ruling on Moore's motion for relief from the judgment. ECF No. 25.

(9th Cir. 2009) (quotation omitted). "Rule 60(b) is remedial in nature and . . . must be liberally applied." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (quotation omitted). Excusable neglect may include negligence. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). The inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993). Whether to grant relief under Rule 60(b)(1) lies within my discretion. *Lemoge*, 587 F.3d at 1191-92.

Here, the prejudice to the defendants would be minimal because mere delay in resolution of the case is not prejudicial. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds*, *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). Additionally, the delay between the judgment and Moore's motion was relatively short: 21 days. His failure to timely respond is attributable to excusable neglect. There is no evidence of bad faith. Considering all relevant circumstances and the equities, I will set aside the judgment. The defendants may file a reply brief to their motion to dismiss on or before December 23, 2016.

IT IS THEREFORE ORDERED that plaintiff Robert Moore's motion for relief from the judgment **(ECF No. 15) is GRANTED** and my prior order **(ECF No. 11) and the clerk's judgment (ECF No. 12) are VACATED**.

IT IS FURTHER ORDERED that the defendants' motion to strike **(ECF No. 18) is DENIED**.

IT IS FURTHER ORDERED that plaintiff Robert Moore's motion for relief **(ECF No. 21) is GRANTED**.

IT IS FURTHER ORDERED that the defendants may file a reply to their motion to dismiss on or before December 23, 2016.

DATED this 6th day of December, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE