# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT MOORE,<br><br>  Plaintiff,<br><br>v.<br><br>DITECH FINANCIAL, LLC et al.,<br><br>  Defendants. | Case No. 2:16-cv-1602-APG-GWF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND EXPUNGE LIS PENDENS**<br><br>(ECF Nos. 6, 8, 29, 32) |

Robert Moore obtained a $1 million mortgage to purchase a home in 2005. He defaulted on his mortgage in 2009, and when his lenders tried to foreclose, he filed a federal lawsuit arguing that there was a defect in the property's chain of title. After having all of his claims dismissed, Moore now files a new case against other parties involved in his mortgage. He does not dispute that he is still in default on his mortgage; instead, he claims that he can rescind his mortgage because the defendants violated the Truth in Lending Act ("TILA"). Alternatively, he again argues that he should be given title to the property because there is a defect in the chain of title.

Moore's claims have as little merit now as they did before. His TILA claims fail both because he did not file within the applicable limitation period and because the provision he sued under does not apply to his mortgage. His claims related to the chain of title fail because he has not cured his default, he has not plausibly alleged that he has any interest in the property, and he has not offered any specific facts suggesting that there is actually a problem with the title. I therefore dismiss Moore's claims.

## I. BACKGROUND

In 2005, Moore purchased his home with a $1 million mortgage from Silver State Financial Services.[1] Moore then borrowed almost half of a million dollars in a home equity line of credit, executing a second Deed of Trust with Silver State as the lender and MERS as the beneficiary.[2] MERS later assigned the Deed of Trust to the Bank of New York Mellon.[3]

By 2009, Moore had defaulted on his mortgage and a notice of trustee sale was recorded. Over the following several years, a number of notices of sale were recorded—but Moore does not allege that the home has ever been foreclosed on.

In 2011, Moore filed a federal lawsuit against MERS (who was then the beneficiary of Moore's Deed of Trust) and ReconTrust Company (who was then the trustee on the deed) for various claims related to the securitization of his mortgage.[4] In 2013, Judge Pro either dismissed or granted summary judgment in favor of the defendants on all of Moore's claims.[5]

Moore now brings this lawsuit against new banks and services that were involved with his mortgage. He asserts claims for wrongful disclosure, quiet title, and a declaration about who owns the property. Moore also filed a Notice of Lis Pendens Affecting Real Property that apparently was recorded in the Official Records of Clark County.[6]

## II. ANALYSIS

### A. Motions to Dismiss

A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] While Rule 8 does not require detailed factual

---

[1] ECF No. 1 at ¶¶ 13-15. The following facts are taken from Moore's complaint, and I assume they are true for purposes of ruling on the defendants' motion.

[2] *Id.*

[3] *Id.*

[4] Case No. 2:11-cv-01020-PMP-NJK.

[5] Case No. 2:11-cv-01020-PMP-NJK, ECF No. 66.

[6] ECF No. 4.

[7] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[8] "Factual allegations must be enough to rise above the speculative level."[9] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[10]

### B. Moore fails to allege a plausible claim for wrongful foreclosure.

To allege a plausible wrongful foreclosure claim, Moore must offer specific facts showing that he was not in default at the time of the foreclosure sale.[11] But Moore has failed to allege he was not in default, and more importantly, he has not even alleged that the sale occurred.

Moore offers a number of reasons for why his wrongful foreclosure claim should be permitted to survive, but none of them addresses the issue that he cannot sue for wrongful foreclosure when no one has, in fact, foreclosed on his home.[12] Nor has Moore offered any allegations or authority to dispute that Nevada law requires that he plausibly allege that he is not in default on his mortgage, which he did not do. I therefore dismiss this claim. Because Moore does not dispute that he remains in default on his mortgage, and thus that he cannot add new facts to cure this defect, I do not grant him leave to amend this claim.

### C. Moore fails to allege a plausible claim for quiet title or declaratory relief.

Aside from Moore's wrongful foreclosure claim, the balance of his complaint requests a declaration that he owns the property and that title to the property should be quieted in his name. Moore offers two theories to support these requests: (1) the defendants violated the Truth in Lending Act ("TILA"), which means Moore can rescind his mortgage (so that he is now free from

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[9] *Twombly*, 550 U.S. at 555.

[10] *Iqbal*, 556 U.S. at 678 (internal citation omitted).

[11] *Haley v. Elegen Home Lending, LP*, 2010 WL 1006664, at *2 (D. Nev. Mar. 16, 2010); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).

[12] *See Collins*, 662 P.2d at 623.

his debt on the property), and (2) there is a defect in the defendants' chain of title so that they are not entitled to foreclose on the home. Each of these theories fails for multiple reasons.

TILA requires creditors to clearly disclose key terms and costs in credit transactions.[13] If a creditor fails to make these disclosures, in some circumstances the borrower can rescind his mortgage. One of these required disclosures is a "Right to Cancel," which Moore alleges the defendants did not give him.

There are at least three independent defects in Moore's TILA theory. First, he waived this argument by failing to oppose the defendants' arguments on this point in their motion to dismiss. By failing to oppose, under our local rules Moore conceded to dismissal of this claim.[14] Second, Moore is foreclosed from rescinding his mortgage because TILA expressly states that the right of rescission "does not apply to a residential mortgage transaction" like his.[15] Finally, Moore failed to comply with TILA's statute of limitations: the right to rescind a mortgage lasts for three years from the loan's consummation—and Moore admits in his complaint that he did not attempt to exercise this right until over four years after taking out his loan.[16]

Moore's attack on the defendants' chain of title fails because he has not plausibly alleged any defects. Moore essentially contends that the defendants cannot foreclose on the property because the loan was securitized and no party is properly authorized to act on behalf of the note holder or beneficiary. But examining all of the documents referenced in the complaint or recorded with the county (so that I may take judicial notice of them), I can find no deficiency in the assignments of the Deed of Trust, substitutions, or notices. Each party was authorized to act

---

[13] *See* 15 U.S.C. § 1635.

[14] L.R. 7-2(d).

[15] *See* 15 U.S.C. § 1635(e)(1); 12 CFR 226.2(a)(24).

[16] *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791-92 (2015).

as they did. To the extent that Moore is challenging the involvement of MERS acting as a nominee of the lender, the Ninth Circuit has rejected this claim.[17]

Even if Moore had plausibly alleged that there was a defect in the title, he has no standing to quiet title in his name (or for a declaration about his rights to the property). "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself."[18] The challenging plaintiff must overcome a strong "presumption in favor of the record titleholder."[19] Nevada law requires that a plaintiff have an interest in the property before seeking to quiet its title.[20] And more importantly, "courts within this district have repeatedly held that a plaintiff who has not discharged the debt owed on the mortgage cannot quiet title."[21]

None of Moore's allegations plausibly alleges that he has any interest in the property. Nor has he sufficiently alleged that he has discharged his debt owed on the mortgage. His quiet title and declaratory claims therefore fail. Because Moore does not dispute that he remains in default and thus cannot challenge the foreclosure, and because there are no other allegations that could cure the defects in his complaint, I do not grant him leave to amend these claims either.

**D. Moore's Lis Pendens notice must be expunged.**

Moore recorded a notice of lis pendens on the property. Under Nevada law, a lis pendens (or notice of legal action affecting real property) must be expunged if the party that recorded it fails to establish:

> (a) The action is for the foreclosure of a mortgage upon the real property described in the notice or affects the title or possession of the real property described in the

---

[17] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (holding that the fact that MERS was the original beneficiary to a Deed of Trust did not prevent an assignee from foreclosing on behalf of lenders).

[18] *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).

[19] *Id.*

[20] *Herold v. One W. Bank*, 2011 WL 4543998, at *2 (D. Nev. Sept. 29, 2011).

[21] *Williams v. Nat'l Default Servicing Corp.*, No. 2:16-CV-1860-GMN-NJK, 2017 WL 114080, at *5 (D. Nev. Jan. 10, 2017); *Fuleihan v. Wells Fargo*, 2010 WL 3724186 at *5 (D.Nev.2010) (holding that a borrower cannot quiet title to a property without discharging any debt owed on it).

notice;

(b) The action was not brought in bad faith or for an improper motive;

(c) He will be able to perform any conditions precedent to the relief sought in the action insofar as it affects the title or possession of the real property; and

(d) He would be injured by any transfer of an interest in the property before the action is concluded.[22]

As explained above, Moore cannot establish several of these factors. Even taking Moore's allegations as true, his claims to the property have no merit. He thus cannot show that he has any interest in the property or that his interest will be injured.[23] I thus grant the defendants' motion to expunge the lis pendens.

## III. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 6) is GRANTED**.

IT IS FURTHER ORDERED that defendants' motion to expunge lis pendens **(ECF No. 8) is GRANTED.** Moore is ordered to record a copy of this order with the Clark County Recorder within 21 days of entry of this order. This order has the same effect as an expungement of the original notice.

IT IS FURTHER ORDERED that Moore's emergency motion for leave to file a supplement brief **(ECF No. 32) is DENIED.**

////

////

---

[22] Nev. Rev. Stat. 14.015(2).

[23] Moore also moves for leave to file an emergency supplemental brief. ECF No. 32. The defendants move to strike it. ECF No. 29. I deny Moore leave to file this supplement. He attempts to raise new arguments about TILA's statute of limitations that are nowhere to be found in his original opposition to the motion to dismiss. And even if I considered these new arguments, they would not help him because Moore's TILA claims fail on the merits, as I explain above.

IT IS FURTHER ORDERED that defendants' motion to strike **(ECF No. 29) is DENIED as moot.**

DATED this 7th day of June, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE